UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:19-CR-196 |
| v. ) | JUDGE GREER |
| ) | |
| MICHAEL WILLIAM SPROLES ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Michael William Sproles, and the defendant's attorney, Gerald Gulley, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

   a) Count One, that is, conspiracy to distribute fifty grams or more of methamphetamine, its salts, its isomers, and salts of its isomers, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

   The punishment for this offense is as follows: A minimum mandatory 10 years up to life imprisonment, a fine of up to $10,000,000.00, a minimum of five years up to life on supervised release, and a $100.00 mandatory assessment fee.

   b) Count Thirty, that is, possession of a firearm after having been convicted of an offense punishable by imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

   The punishment for this offense is as follows: Up to 10 years, a fine of up to $250,000.00, up to three years on supervised release, and a $100.00 mandatory assessment fee. If the defendant is determined to be an armed career criminal, the punishment will be a minimum mandatory 15 years up to life imprisonment, up to five years on supervised release, a fine of up to $250,000.00, and a $100 mandatory assessment fee.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

The defendant was a member of a drug trafficking organization led by co-defendant Joshua Davis during the time frame set forth in the indictment.

During the course of this investigation, several cell phones were obtained from defendants and witnesses in this case. Text messages retrieved from the cell phone of Brittany Sage reflect text messages between Defendant and Sage. On August 13, 2018, Defendant texted Sage, asking what to do because the source of methamphetamine called. Defendant explained that the source wanted money for methamphetamine that he lent to Defendant. Sage asked Defendant what he wanted her to do and told him that she was at Travelers Inn. Sage agreed to help Defendant with the debt he owed. Defendant sent a text to Sage, thanking her for helping him out. Sage replied that she had his back, and asked how much he needed and indicated she would have the money ready. Defendant told Sage $150, and asked if he and Dustin Barnette needed to come get her.

2

On August 17, 2018, Defendant texted Sage and told her that he had $70 and was going to sell a "ball" (3.5 grams of methamphetamine). Defendant asked if she wanted him to bring the money or wait until he sold the "ball."

On August 18, 2018, Defendant texted Sage, indicating that he had $200 of drug proceeds from the previous night and asked if Sage needed the money.

On November 21, 2018, agents interviewed Kirstin Mulkey at the Kingsport Police Department. Mulkey stated that Defendant, Brittany Sage, Adam Burke, and Wayne Neff got their methamphetamine from Victor Ray.

On November 22, 2018, Defendant was arrested by the Tennessee Highway Patrol (THP) after fleeing from a traffic stop in Bristol, Tennessee. Troopers searched defendant incident to arrest and located 15.7 grams of marijuana and a large amount of United States currency on his person. Troopers also located a loaded Taurus, model 709, 9mm pistol, 43.5 grams of additional marijuana, digital scales, and baggies inside the silver Mitsubishi he was driving.

On December 6, 2018, agents interviewed a confidential source (CS) at the Sullivan County Jail. CS stated that she dated Defendant, and he introduced her to methamphetamine. CS said that Defendant got his meth from Travis Reed, Brittany Sage, Caleb Daugherty, and David Derrick, Jr. CS stated that Defendant got two ounces of methamphetamine from Reed every three days for about the month of November.

On April 17, 2019, agents interviewed a CS. CS said that she purchased eight ball (3.5 gram) quantities of methamphetamine from Defendant before he went to jail. CS said that Defendant obtained his methamphetamine from someone on Bertha Greer Street and another location in Lynn Garden.

Matthew Carpenter interviewed at the Sullivan County Jail. Carpenter said that Defendant was being supplied with methamphetamine by Travis Reed. Carpenter said that he and Defendant supplied each other with methamphetamine.

In a post-indictment interview of Mark Adam Burke, Burke stated that Matthew Carpenter is a methamphetamine distributor who was supplied by Brandon Smith, also known as "B." Burke said that Carpenter also obtained methamphetamine from Defendant, who was supplied by Victor Ray and Travis Reed. Burke stated that he had purchased ounce quantities of methamphetamine from Defendant on two or three occasions in mid-2018.

The defendant admits that he conspired with at least one other person to distribute methamphetamine as charged in the indictment, and that he is conservatively responsible for the distribution of at least 150 grams but less than 500 grams of methamphetamine (actual).

The defendant was convicted on January 29, 2010, in the Criminal Court for Sullivan County, Tennessee, Case Number S56902, of Aggravated Burglary, for which he was sentenced to three years in the Tennessee Department of Corrections. The defendant admits that he knew he had been convicted of this offense at the time he possessed the Taurus, model 709, 9mm pistol. The Taurus, model 709, 9mm pistol is a modern firearm, was manufactured outside the state of Tennessee and traveled in interstate commerce to be present in the state of Tennessee.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

      a)     the right to plead not guilty;

      b)     the right to a speedy and public trial by jury;

      c)     the right to assistance of counsel at trial;

  d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

  e) the right to confront and cross-examine witnesses against the defendant;

  f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

  g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

  a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

  b) The Court will impose special assessment fees as required by law; and

  c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other meas the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the

Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.    The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

7

Case 2:19-cr-00196-JRG-CRW   Document 267   Filed 04/20/20   Page 7 of 10   PageID #: 694

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for

8

any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY

9

UNITED STATES ATTORNEY

___4.20.2020___       By: _____
Date                       J. GREGORY BOWMAN
                          Assistant United States Attorney


___4/20/2020___           _____
Date                      MICHAEL WILLIAM SPROLES
                          Defendant


___4/20/2020___           _____
Date                      GERALD GULLEY
                          Attorney for the Defendant

10